UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ABDULA L. JACKSON,                  )
                                    )
          Plaintiff,              )
                                    )
          v.                      )   Civil Action No. 05-0504 (PLF)
                                    )
BETH ANN TELFORD, et al.,           )
                                    )
          Defendants.             )
_____)

OPINION

The matter is before the Court on defendant Beth Ann Telford's motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, insufficient process pursuant to Rule 12(b)(4), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The matter is also before the Court on the motion of defendant United States to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Upon consideration of the motions to dismiss, the oppositions and the replies, the Court concludes that plaintiff did not properly serve Ms. Telford in accordance with Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(e) of the District of Columbia Superior Court Civil Rules. The Court further concludes that plaintiff's action against the United States is jurisdictionally barred by 28 U.S.C. § 2680(h), because the United States has not waived its

sovereign immunity with respect to plaintiff's claims for assault, defamation, and interference with contract rights. The amended complaint therefore must be dismissed in its entirety.

## I. BACKGROUND

Plaintiff Abdula L. Jackson is a federal officer in the police force of the United States Government Printing Office ("GPO"). Defendant Beth Ann Telford is employed at the GPO as secretary to the Public Printer. Plaintiff alleges that at approximately 7:55 a.m. on March 2, 2005, Ms. Telford attempted to knock plaintiff to the ground while both were crossing North Capitol Street in front of the GPO. See Amended Complaint ("Am. Compl.") ¶ 4. Later that morning, Ms. Telford allegedly approached plaintiff while plaintiff was on duty and yelled at her, pointing her finger in plaintiff's face and calling plaintiff a liar. See Am. Compl. ¶ 5. The amended complaint further alleges that Ms. Telford maintained a personal relationship with one of plaintiff's supervisors and that Ms. Telford used that relationship to encourage the supervisor to place plaintiff on administrative leave, which began at 2:45 p.m. on March 2, 2005. See Am. Compl. ¶¶ 8, 9.

On March 7, 2005, plaintiff filed a *pro se* complaint in the Superior Court of the District of Columbia. In the "Defendants" section of the complaint's caption, plaintiff wrote:

> Beth Ann Telford
> 732 North Capitol St. NW
> Washington DC 20014
> U.S. Government Printing Office

See Original Complaint. Plaintiff also filed two motions that were addressed to "Beth Ann Telford, U.S. Government Printing Office, 732 North Capitol St. NW, Washington, DC 20014, Public Printer's Office 8th Floor."

Plaintiff attempted to serve her *pro se* complaint on Ms. Telford at work on March 7, 2005, by sending the summons, complaint and motions via mail to the above address. See Certificate of Service to Original Complaint. Plaintiff also claims that Corporal Alvin E. Hardwick of the GPO police force attempted to serve Ms. Telford personally on two occasions, but could not locate Ms. Telford either time; he therefore left the summons and complaint on Ms. Telford's desk. See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and the United States' Notice of Substitution and Motion to Dismiss ("Pl.'s Opp.") at 9-10. Drew Spalding, Deputy General Counsel of the GPO, sent a letter to Craig Lawrence, then Acting Chief of the Civil Division in the Office of the United States Attorney for the District of Columbia on March 11, 2005 stating that Ms. Telford had found the complaint at her workplace but that she had not been served personally. See Pl.'s Opp., Exhibit A at 1.

The action was removed to this Court by the United States on March 11, 2005, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446. On April 21, 2005, the United States filed an answer to plaintiff's complaint. With leave of the Court, plaintiff filed an amended complaint on July 29, 2005, naming Ms. Telford as the sole defendant, in her individual and not in her official capacity. There are four counts in plaintiff's amended complaint: Count I for assault, Count II for defamation, Count III for interference with contract, and Count IV for violation of her constitutional rights.

On December 6, 2005, pursuant to 28 U.S.C. § 2679(d)(1) and based on a certification of scope of employment, the United States filed a notice of substitution of the United States for the individually named defendant Telford as to the common law torts asserted against her in Counts I, II and III. See United States' Notice of Substitution of the United States

in Place of Individually-Named Federal Defendant Beth Ann Telford as to the Common Law Torts Asserted Against Her at 1.  On the same day, Ms. Telford filed a motion to dismiss the remaining claim against her, Count IV alleging a violation of constitutional rights.  She claimed lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.  See Defendant Beth Ann Telford's Motion to Dismiss at 1.  Defendant United States simultaneously filed a motion to dismiss the common law tort claims in Counts I, II and III for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See United States' Motion to Dismiss at 1.

## II. DISCUSSION

*A. Defendant Telford's Motion to Dismiss*

Defendant Telford argues that the remaining claim against her should be dismissed pursuant to Rule 4(e) of the Federal Rules of Civil Procedure because plaintiff failed to serve process upon her.[1]  Federal employees sued in their individual capacity must be served with process in accordance with the rules ordinarily applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Delgado v. Fed. Bureau of Prisons, 727 F. Supp. 24, 26 (D.D.C. 1989); Navy, Marshall & Gordon v. U.S. Int'l Development-Cooperation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983).  Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon "individuals within a judicial district of the United States."  Rule 4(e)(2) states that service upon an individual may be effected:

---

[1] Because the Court agrees with defendant Telford on this point, it dismisses the complaint against her for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.  It therefore need not reach her other arguments.

>by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4(e)(1) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." Id.

The District of Columbia Superior Court Civil Rules establish, in pertinent part, parallel service requirements to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure. See D.C. SUPER. CT. CIV. R. 4(e)(2). In addition, Rule 4(c) of the D.C. Superior Court Civil Rules permits service to be effected upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested," or "by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to the sender." D.C. SUPER. CT. CIV. R. 4(c)(3), 4(c)(4).

Plaintiff does not dispute that the summons and original complaint in this action were left on defendant Beth Ann Telford's desk at her place of business when she was not present. Instead, plaintiff argues that service was valid because Ms. Telford actually received the summons and complaint. See Pl.'s Opp. at 8. According to plaintiff, Ms. Telford's actual receipt of service is indicated by a letter dated March 11, 2005, written by Drew Spalding, Deputy General Counsel of the GPO, and by the United States' compliance with 28 U.S.C. § 1446(b) when it filed its Notice of Removal. See id. at 8-9.

Leaving a copy of the complaint and summons at an individual defendant's place of business does not constitute valid service unless it is left in the hands of "an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). See Leichtman v. Koons, 527 A.2d 745, 747 (D.C. 1987). The law of the District of Columbia is also clear that actual receipt of service does not constitute valid service of process upon an individual because actual receipt does not satisfy any of the methods of service permitted by Rule 4(e) of the Federal Rules of Civil Procedure or by Rule 4(c) and 4(e) of the D.C. Superior Court Civil Rules. See Parker v. Frank Emmet Real Estate, 451 A.2d 62, 66 (D.C. 1982); Morfessis v. Marvins Credit, 77 A.2d 178, 179 (D.C. 1950). Only personal service, service on an authorized agent, service by certain types of mail, and service left at a defendant's place of abode are contemplated by the Rules. Clearly, the method of service here did not comply with the methods of service prescribed by Rule 4(e) of the Federal Rules of Civil Procedure or by Rule 4(c) and 4(e) of the D.C. Superior Court Civil Rules.

Plaintiff argues in the alternative, under Rule 12(h)(1)(B) of the Federal Rules of Civil Procedure, that Ms. Telford waived the defense of insufficiency of service by failing to raise the defense in her first responsive pleading or in her consent motions for extensions of time to respond to the complaint. See Pl.'s Opp. at 9. Plaintiff construes the answer filed by the United States on April 21, 2005 as a responsive pleading on behalf of Ms. Telford on the theory that because the United States was not a party at the time the answer was filed, it therefore must have been answering for Ms. Telford; and also on the ground that the answer contains Ms. Telford's version of events. See Pl.'s Opp. at 9. Plaintiff notes that the defense of insufficiency of process was not raised in that answer and hence argues that the defense has been waived.

Ms. Telford responds that she did not waive her Rule 12(h)(1)(B) defense because the April 21, 2005 answer to the complaint was filed solely on behalf of the United States, which believed it was a party to the suit at that time, and not on behalf of Ms. Telford in her personal capacity. See Joint Reply in Support of Defendant Beth Ann Telford's Motion to Dismiss and Defendant United States' Motion to Dismiss at 3.

The Court agrees that Ms. Telford did not waive the defense of insufficient service of process. Rule 12(h)(1)(B) provides that a defense of insufficiency of process or insufficiency of service of process is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." See FED. R. CIV. P. 12(h)(1)(B). The United States' April 21, 2005 answer was filed in response to the original (not the amended) complaint in which the caption of the case written by the then-*pro se* plaintiff stated that the defendant was "Beth Ann Telford, 732 North Capitol St. NW, Washington D.C. 20014, U.S. Government Printing Office." See Original Complaint. The United States Attorney's Office reasonably construed this to mean that the complaint was against Ms. Telford in her official capacity as an employee of the GPO and hence, since she was acting in the scope of her employment, it was a complaint against the United States. See Transcript of April 22, 2005 Status Conference, at 1-3. The United States therefore filed an answer, believing itself to be the defendant, and made clear that the answer was solely filed on its own behalf by entitling the document "Defendant's *United States'* Answer to Complaint." See Defendant United States' Answer to Complaint at 1 (emphasis added). The government's belief that it was the defendant because it was standing in the shoes of its employee also explains why it filed a Notice of Removal on its own behalf on March 11, 2005, and

thereafter filed a notice of its substitution as the defendant in place of Ms. Telford with respect to the common law tort claims.  See Notice of Removal of Civil Action (March 11, 2005) at ¶ 4 ("[B]ecause defendant [Telford] was performing her duties as an employee of the BPO [sic] and acting under color of her office, 28 U.S.C. § 1442(a)(1) provides a basis for removal of this action.").

It was only when the plaintiff's amended complaint (drafted by an attorney) was filed on July 29, 2005, that it became clear that Ms. Jackson was suing Ms. Telford in her individual capacity and not suing the government at all.  Finally, as the government stated in its oral representations to the Court, it did not represent Ms. Telford in her individual capacity at the time of the April 22, 2005 status conference, and it explicitly preserved Ms. Telford's defense of insufficiency of service.  See Transcript of April 22, 2005 Status Conference, at 1-3.  The Court will not construe the United States' answer, filed before Ms. Telford was clearly named as a defendant only in her individual capacity, as having been a responsive pleading on her behalf.[2]

Because Ms. Telford has not waived the defense of insufficiency of service, and because the plaintiff has not properly served process on Ms. Telford in accordance with Rule 4(e) of the Federal Rules of Civil Procedure and Rules 4(c) and 4(e) of the D.C. Superior Court Civil Rules, the Court will grant her motion to dismiss.

---

[2]      After plaintiff filed her amended complaint and it became clear that she was suing Ms. Telford in her individual capacity, the government has represented both itself and Ms. Telford in her individual capacity.

*B. Motion to Dismiss Filed by Defendant United States*

The United States has filed a notice of substitution in this action with respect to Counts I, II and III pursuant to 28 U.S.C. § 2679(d)(1), based on the certification of a designee of the Attorney General that defendant Telford was acting within the scope of her employment during the alleged incident. The United States has also moved to dismiss Count I for assault, Count II for defamation, and Count III for interference with contract because the United States has not waived sovereign immunity with respect to those common law tort claims.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, is a limited waiver of sovereign immunity that allows the United States to be sued "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b)(1). The FTCA, however, also includes enumerated exceptions to the waiver of sovereign immunity and provides in pertinent part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

28 U.S.C. § 2680(h). If the conduct alleged to be tortious falls within these exceptions provided by 28 U.S.C. § 2680, the Court lacks subject matter jurisdiction over the action. <u>Dalehite v. United States</u>, 346 U.S. 15, 24 (1953).

In this case, Count I alleges an assault. It therefore is clearly barred by the language of Section 2680(h), which creates an exception for claims "arising out of assault." 28 U.S.C. § 2680(h). Count II charges defamation and therefore is barred by the exception

9

contained in Section 2680(h) for claims "arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). Finally, Count III claims interference with a contract of employment. It, too, therefore is barred by the exception in Section 2680(h) for claims "arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h).

Although plaintiff argues that Ms. Telford was not acting within the scope of her employment and that the United States therefore cannot substitute itself as the defendant or move to dismiss Counts I, II and II against it, the Court does not need to reach the scope of employment issue in this case. If this Court were to conclude that the scope of employment requirement was satisfied, the claims against the United States would be barred by 28 U.S.C. § 2680(h), which excludes from the United States' waiver of sovereign immunity claims for assault, libel or slander, and interference with contract. If, on the other hand, this Court were to conclude that the scope of employment requirement was not satisfied, the United States would not be a defendant in the action at all and Ms. Telford would be the sole defendant with respect to Counts I, II and III. Because service was improperly effected upon Ms. Telford, however those counts necessarily would be dismissed against her under Rule 12(b)(5). Therefore, whether or not Ms. Telford was acting within the scope of her employment and whether or not the United States has met the requirements for substituting itself as a party, all counts of the amended complaint ultimately must be dismissed with respect to both defendants. The Court therefore will grant the defendant United States' motion to dismiss.

## III. CONCLUSION

For the reasons stated above, the Court grants defendant Beth Ann Telford's and defendant United States' separate motions to dismiss. An Order consistent with this Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   September 5, 2006